### ACTION TO FORECLOSE CHATTEL MORTGAGE.

Circuit Court of Cuyahoga County.

SAMUEL C. GREEN v. WILLIAM M. BASS ET AL.*

Decided, March 7, 1911.

*Chattel Mortgage—Lien Not Lost by Levy.*

The priority of lien of a chattel mortgage is not lost by taking judgment upon the mortgage note and levying upon the mortgaged goods.

*A. H. Martin,* for plaintiff in error.

*Green, Green & Green, Higley & Maurer* and *Gage & Wilber,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Bass gave a chattel mortgage to the Cleveland & Sandusky Brewing Company on certain chattels, to secure the payment of a cognovit note given by him to the brewing company. This mortgage was in all respects in conformity with law and was duly filed.

Later Bass gave a mortgage on the same chattels to Green, to secure payment of a debt to him.' This mortgage was likewise in all respects in conformity with law and was duly filed.

Later, and while each mortgage was in full force, the Cleveland & Sandusky Brewing Co. brought suit upon the cognovit note and obtained a judgment thereon against Bass, and caused an execution to be levied upon the chattels covered by the two mortgages. Before sale was made under the levy, the Cleveland & Sandusky Brewing Co. recalled the execution, and sold and assigned both its judgment and its mortgage to the Standard Brewing Co.; at the same time it advanced money to Bass and took a new mortgage from him to secure the original debt and also secure the repayment of the money then advanced to Bass.

The present suit is brought to foreclose the mortgage given to Green.

*Affirmed, Green v. Bass et al, 83 O. S., 378.

The Standard Brewing Co. claims that by virtue of the mortgage assigned to it by the Cleveland & Sandusky Brewing Co. it has a lien upon the goods superior to the lien of the plaintiff. This the plaintiff denies. This presents the only question for our solution.

The plaintiff bases his contention upon the proposition that, though the brewing company's mortgage was originally prior and superior to his, such priority was lost when judgment was taken on the note and the goods levied upon by execution, and that the subsequent release of the execution did not have the effect to restore the original mortgage lien. If then it be found that the judgment and levy was not a waiver of the mortgage lien, the plaintiff must fail.

The argument is made that the brewing company had two remedies, to-wit, to sue and recover upon its note and levy on the goods of Bass, or to proceed on its rights under the mortgage, at its election; that it elected to take the former course, and is bound by such election and may not thereafter alter its election and proceed upon its mortgage.

The plaintiff makes no claim that the bringing of the suit and obtaining judgment constitutes a waiver of the brewing company's rights under its mortgage, but that such waiver results from the levy of the execution upon the property.

It is not claimed, and can not successfully be claimed, that the act of the brewing company in causing levy to be made and then releasing the goods from such levy could work a hardship to the plaintiff, even if it should be held that the mortgage lien was not thereby waived, because he was not induced to do, or to refrain from doing anything because of the levy.

In support of plaintiff's contention many cases are cited, some of which seem to give much weight to the contention. So far as the authorities in Ohio are concerned, we find them to be with the brewing company.

In *Albrights* v. *Meredith,* 58 Ohio St., 194, it is held, that where a vendor of chattels, under the conditional sales act, R. S., 7913, recovers judgment at law for the unpaid portion of

the purchase money, and causes execution to be levied upon the property sold, he thereby waives his right to his lien under the contract, and shall be held to his election of remedies. The court, in the opinion, calls attention to the fact that the vendor failed to comply with the provisions of the statute, requiring repayment to be made by the vendor before he can retake the property. The controversy was between a party to whom the vendee had mortgaged the property and the constable who had seized the property on execution on the judgment of the vendor. The reason why the constable, or the vendor who had obtained the judgment, could not hold the property, is obvious. The vendor had chosen a remedy wholly inconsistent with his claim under the contract of sale, as evidenced by his failure to repay any part of the purchase money, as he was required by statute to do, before he could claim the property. The reason for the decision in that case does not apply to the case now being considered.

The case of *Ohio, ex rel, etc.*, v. *Walter Lacy*, 18 C. C., 379, does not pass upon the question raised in the present case. All that is said about it is that mortgaged chattels which had been levied upon by execution at the suit of the mortgagee, and were in the hands of the constable, under such levy, were subject to selection as exempt, in lieu of a homestead, these words being used, speaking of the effect of the levy: "this, we think, was a waiver of any claim by said Conroy & Co. (the mortgagees) to the ownership of said property by virtue of a chattel mortgage from Mrs. Armstrong, the relator, even if such claim were asserted in this action, as we understand it is not."

It will be seen by this language that though the judge delivering the opinion expressed his views on the point, the question was not raised. True, the proposition is stated in the syllabus, as claimed by the plaintiff here, but the syllabus was probably prepared by the publisher and not by the court or any judge of the court.

The case of *Frost* v. *Shaw el al*, 3 Ohio State, 270, seems exactly in point and to sustain the claim of the brewing company, the second clause of the syllabus reading as follows:

"Where, by the terms of a chattel mortgage, the mortgagee, at the maturity of his debt, has the right to the possession of the property, and he sees proper to reduce his debt to judgment, and then through his agent, to turn out the mortgaged property, and have it sold under the authority of an execution for the payment of his debt, the debtor sustains no injury in the right of possession in the property, which would support an action of trespass, even although the chattels thus mortgaged and sold belonged to the enumerated articles exempted by law from execution."

And the court say, at page 273:

"By virtue of the chattel mortgage, both the right of possession and the right of property in all the chattels excepting one, had passed to the mortgagees; and if they deemed it proper, through their agent, to take possession of the property, and have it sold under the authority of an execution, no wrong was done the plaintiff in his right of possession, for which he could sustain an action of trespass."

To the same effect is the case of *Colwell* v. *Carper*, 15 Ohio St., 280. In the opinion on page 286, the court say:

"The husband mortgaged the property without his wife's consent or knowledge. The condition was broken; and thereupon the right of possession, as against the husband, accrued to the mortgagees, which they could assert with or without process; and when asserted by process of execution, the husband was precluded, by the operation of his mortgage, from claiming the property as exempt from execution. *Frost* v. *Shaw*, 3 Ohio St., 270. The fact that the mortgagees chose to resort to process to effectuate a change of possession, can make no difference; and the disposing of, and parting with, both the title and possession, was as effectual as it was in the husband's power to make it."

The editor of the 21st edition of Swan's Treatise, published in 1905, states the law at pages 287-8, as laid down in *Frost* v. *Shaw, supra.*

Finding, as we think we do, from these authorities, that the law is settled in Ohio by the decisions of our Supreme Court, we think it unprofitable to consider how that question has been decided in other jurisdictions.

We hold that the Standard Brewing Company has the prior and superior lien on the mortgaged property.